Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Meghan E. George (SBN 274525)
Thomas E. Wheeler (SBN 308789)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St. Suite 780,
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
mgeorge@toddflaw.com
twheeler@toddflaw.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELANIE GONZALEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>        vs.<br><br>ACE CASH EXPRESS, INC., and DOES 1-10,<br><br>Defendant(s). | Case No.<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>1.    VIOLATIONS OF ELECTRONIC FUNDS TRANSFER ACT [15 U.S.C. §1693 ET SEQ.]<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff MELANIE GONZALEZ ("Plaintiff"), on behalf of herself and all others similarly situated, alleges the following against Defendant ACE CASH EXPRESS, INC. upon information and belief based upon personal knowledge:

## INTRODUCTION

1.     Plaintiff's Class Action Complaint is brought pursuant to the Electronic Funds Transfer Act, 15 U.S.C. 1693 et seq. ("EFTA").

2.     Plaintiff, individually, and on behalf of all others similarly situated, brings this Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendants debiting Plaintiff's and also the putative Class members' bank accounts on a recurring basis after clear revocation of any authorization or similar authentication for preauthorized electronic fund transfers from Plaintiff's and also the putative Class members' accounts, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Regulation E, 12 C.F.R. § 205.10(c)(1).

3.     Such conduct is inherently deceptive in that it misrepresents to consumers the right to stop automatic withdrawals and results in Defendant continuing to automatically withdraw, and to potentially overdraft, Plaintiff and the Class's accounts.

4.     Plaintiff alleges as follows upon personal knowledge as to herself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction under 28 U.S.C. 1331, because this action is brought pursuant to the EFTA, 15 U.S.C. 1693 *et seq*.

6.     Jurisdiction of this Court arises pursuant to 15 U.S.C. 1693(m), which states that, "without regard to the amount in controversy, any action under this section may be brought in any United States district court."

7.     Venue and personal jurisdiction in this District are proper pursuant to 28 U.S.C. 1391(b) because Plaintiff resides within this District and Defendant does or transact business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

8.     Plaintiff, Melanie Gonzalez ("PLAINTIFF"), is a natural person residing in Los Angeles County in the state of California, and is a "consumer" as defined by 15 U.S.C. §1693a(6).

9.     At all relevant times herein, DEFENDANT, ACE CASH EXPRESS, INC. ("DEFENDANT"), was a company engaged in the business of providing loans to consumers.

10.     The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants."  The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names.  Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein.  Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

11.     Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTUAL ALLEGATIONS - EFTA

12.     Beginning in or around September 2017, Plaintiff obtained a loan from Defendant.

13.     Plaintiff provided her debit account information for the purposes of Defendant automatically debiting her account to make payments on the account

upon signing up for the loan with Defendant.

14.    On or around November 2017, Plaintiff called Defendant and explicitly and unequivocally requested that Defendant stop automatically debiting from Plaintiff's account, thereby revoking consent for such withdrawals.  Plaintiff was concerned about the automatic withdrawals causing her to overdraw her bank account.

15.    However, despite Plaintiff's clear revocation of authorization, Defendant continued to deduct funds from Plaintiff's account multiple times on a reoccurring basis, without Plaintiff's consent or authorization, including in December 2017.

16.    Despite the fact that Plaintiff told Defendant's representatives multiple times to stop deducting sums from Plaintiff's account, Defendant continued to deduct sums from her account in complete disregard for Plaintiff's rights. Even though Plaintiff told Defendants to stop taking money from her account on or about November 2017, Defendants took money from Plaintiff's account in December 2017.  These deductions were taken without authorization from Plaintiff.

17.    Defendants had knowledge that Plaintiff orally revoked authorization on multiple occasions and had no intention of honoring that revocation.

18.    Plaintiff alleges such activity to be in violation of the Electronic Funds Transfer Act, 15 U.S.C. 1693 et seq. ("EFTA"), and its surrounding regulations, including, but not limited to, 12 C.F.R. § 205.10(c)(1).

## CLASS ACTION ALLEGATIONS

19.    Plaintiff brings this action on behalf of herself and all others similarly situated, as a member of the proposed class (hereafter "The Class") defined as follows:

> All persons in the United States whose bank accounts were debited on a reoccurring basis by Defendants after Defendants recorded a cancellation request for a monthly membership, between one year prior to the filing of the Complaint and the present.

20.     Plaintiff represents, and is a member of, The Class, consisting all persons in the United States whose bank accounts were debited on a reoccurring basis by Defendants after Defendants recorded a cancellation request for a monthly membership, between one year prior to the filing of the Complaint and the present.

21.     Defendants, their employees and agents are excluded from The Class. Plaintiffs do not know the number of members in The Class, but believe the Class members number in the hundreds, if not more.  Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

22.     The Class is so numerous that the individual joinder of all of its members is impractical.  While the exact number and identities of The Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that The Class includes hundreds, if not thousands, of members.  Plaintiff alleges that The Class members may be ascertained by the records maintained by Defendants.

23.     This suit is properly maintainable as a class action pursuant to Fed. R. Civ. P. 23(a) because the Class is so numerous that joinder of the Class members is impractical and the disposition of their claims in the class action will provide substantial benefits both to the parties and to the Court.

24.     There are questions of law and fact common to the Class affecting the parties to be represented.  The questions of law and fact to the Class predominate over questions which may affect individual Class members and include, but are not necessarily limited to, the following:

a.     Whether the members of the Class' bank accounts were debited on a

reoccurring basis by Defendants on or after Defendants recorded a cancellation request for a monthly membership on or after one year prior to the filing of the Complaint and the present; and,

b.     Whether Defendants requested written confirmation of the cancelation and refused to honor an oral cancellation of an EFT, as is permitted under 12 CFR 205.10(c)(1).t.

25.     As someone whose bank accounts was debited on a reoccurring basis by Defendants after revoking consent for such withdrawal, Plaintiff is asserting claims that are typical of The Class.

26.     Plaintiff will fairly and adequately protect the interests of the members of The Class. Plaintiff has retained attorneys experienced in the prosecution of class actions.

27.     A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable.  Even if every Class member could afford individual litigation, the court system could not.  It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues.  By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

28.     The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-

party Class members to protect their interests.

29.     Defendants have acted or refused to act in respects generally applicable to The Class, thereby making appropriate final and injunctive relief with regard to the members of the Class as a whole.

30.     Defendants failed to comply with the requirements of the EFTA, 15 U.S.C. § 1693e(a) and Regulation E, 12 C.F.R. § 205.10(c)(1) as to the Class members with respect to the above alleged transactions.

31.     The EFTA, 15 U.S.C. §1693e(a), provides that "[a] consumer may stop payment of a preauthorized electronic fund transfer by notifying the financial institution orally or in writing at any time up to three business days preceding the scheduled date of such transfer."

32.     Section 205.10(c)(1) of Regulation E provides that "[a] consumer may stop payment of a preauthorized electronic fund transfer from the consumer's account by notifying the financial institution orally or in writing at least three business days before the scheduled date of the transfer.""

33.     In multiple instances, Defendants debited bank accounts of the Class members on a recurring basis after the consumer requested to stop payments of a preauthorized electronic fund transfer from the consumer's account by notifying the financial institution orally or in writing at least three business days before the scheduled date of the transfer in violation of the EFTA, 15 U.S.C. § 1693e(a) and Regulation E, 12 C.F.R. § 205.10(c)(1).

34.     The size and definition of the Class can be identified through Defendant's records and/or Defendant's agents' records.

///

///

///

///

## COUNT I:
## DEFENDANTS VIOLATED THE ELECTRONIC FUNDS TRANSFER ACT
### (On Behalf of Plaintiff and the Class)

35.     Plaintiff reincorporates by reference all of the preceding paragraphs.

36.     The EFTA, 15 U.S.C. §1693e(a), provides that  "[a] consumer may stop payment of a preauthorized electronic fund transfer by notifying the financial institution orally or in writing at any time up to three business days preceding the scheduled date of such transfer."

37.     Section  205.10(c)(1)  of  Regulation  E  provides  that "[a] consumer may stop payment of a preauthorized electronic fund transfer from the consumer's account by notifying the financial institution orally or in writing at least three business days before the scheduled date of the transfer.""

38.     In multiple instances, Defendants debited bank accounts of the Class members on a recurring basis after the consumer requested to stop payments of a preauthorized electronic fund transfer from the consumer's account by notifying the financial institution orally or in writing at least three business days before the scheduled date of the transfer in violation of the EFTA, 15 U.S.C. § 1693e(a) and Regulation E, 12 C.F.R. § 205.10(c)(1).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, MELANIE GONZALEZ, individually, and on behalf of all others similarly situated, respectfully requests judgment be entered against Defendant, ACE CASH EXPRESS, INC., for the following:

(a)     An order certifying the Class and appointing Plaintiff as Representative of the Class

(b)     The greater of actual damages or stator damages as provided for under EFTA;

(c)     Punitive damages, as allowable, in an amount determined by

the Court or jury;

(d)    All reasonable and necessary attorneys' fees and costs provided by statute, common law or the Court's inherent power;

(e)    Pre- and post-judgment interest; and

(f)    All other relief, general or special, legal and equitable, to which Plaintiff and Class Members may be justly entitled as deemed by the Court.

## **TRIAL BY JURY**

39.    Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.


Respectfully submitted this 25th Day of September, 2018.

LAW OFFICES OF TODD M. FRIEDMAN, P.C.


By:    /s/ Todd M. Friedman
        Todd M. Friedman
        Law Offices of Todd M. Friedman
        Attorney for Plaintiff